**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1617-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SYLVIA THOMPSON, a/k/a
JANELLE THOMPSON,
ERICKA B. THOMPSON,
SYLVIA B. THOMPSON
AND SYLVIA L. THOMPSON,

     Defendant-Appellant.

_____

Submitted March 18, 2020 – Decided April 24, 2020

Before Judges Fuentes and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 14-09-2940.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Linda Anne Shashoua, Special

Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Sylvia Thompson appeals from the November 2, 2018 denial of her post-conviction relief petition (PCR) without an evidentiary hearing. We affirm, substantially for the reasons stated by Judge Frederick J. Schuck in his thorough and well-reasoned oral opinion. Because Judge Schuck's opinion comprehensively and correctly addressed all of defendant's PCR issues, a brief summary will suffice.

The circumstances leading to defendant's arrest and conviction occurred in July 2014, when defendant drove her car into a section of a church building in Lindenwold. The police were called and when one uniformed officer tried to place defendant in handcuffs, she resisted and "elbowed" the officer in the head several times.

In November 2014, defendant pled guilty to third-degree aggravated assault on a police officer, N.J.S.A. 2C:12-1(b)(5)(a). In exchange for her plea, the State agreed to dismiss her remaining charges and to recommend a probationary term as well as a 180-day jail sentence, without objection to her serving her custodial sentence on the Home Electronic Detention Program.

Judge Schuck presided over defendant's plea hearing. He found she freely and voluntarily admitted she assaulted a uniformed officer while he tried to perform his duties, that she fully understood her plea agreement and had provided truthful answers in her plea agreement. The judge also credited defendant's testimony that her trial attorney answered all her questions to her satisfaction.

At defendant's sentencing in January 2015, her attorney asked Judge Schuck to consider imposing a minimal probationary sentence, based on various mitigating factors. Defendant's attorney confirmed that defendant suffered from bipolar disorder and auditory hallucinations. Judge Schuck imposed a two-year probationary term, directed defendant to undergo a mental health evaluation and serve a 180-day jail sentence, but allowed her to serve this time on the Home Electronic Detention Program. Defendant also was required to pay various assessments and restitution to the church.

Defendant filed a direct appeal to this court in March 2015. She violated the terms of her probation while her appeal was pending. We granted defendant's emergent application for a remand to allow the trial court to adjudicate her violation of probation. Then, at defendant's request, we dismissed her appeal in December 2015.

Defendant filed a PCR petition in December 2017, which was dismissed without prejudice in May 2018.  After defendant renewed her PCR petition, Judge Schuck conducted oral argument on November 2, 2018 to address her claim that she received ineffective assistance of counsel.  Specifically, defendant contended that just prior to her plea hearing, her trial attorney misled her into believing she would be pleading guilty to a different crime, and then forced her to plead guilty to the assault charge.  Additionally, defendant argued her trial attorney failed to address her mental health issues before defendant was sentenced.  Judge Schuck found defendant's arguments were belied by the record and he denied defendant's PCR petition without an evidentiary hearing.

On this appeal, defendant presents the following argument:

> POINT ONE
>
> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HER CLAIM THAT HER ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY MISLEADING HER INTO BELIEVING SHE WAS PLEADING GUILTY TO A DIFFERENT CRIME, COERCING HER INTO A PLEA, AND FAILING TO [INVESTIGATE] AND PRESENT ADEQUATELY HER MENTAL HEALTH ISSUES.

Having canvassed the entire record presented to us, we conclude this argument lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We add the following comments.

A defendant's claim of ineffective assistance of counsel is considered under the standards established in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). The Strickland test applies to challenges to guilty pleas based on alleged ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). A defendant must show that her attorney failed to provide advice that "was within the range of competence demanded of attorneys in criminal cases." Id. at 56 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). A defendant also must show "there is a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the

record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013).

"[I]n order to establish a prima facie claim, [the defendant] must do more than make bald assertions that [s]he was denied the effective assistance of counsel. [The defendant] must allege facts sufficient to demonstrate counsel's alleged substandard performance." Cummings, 321 N.J. Super. at 170. The defendant must establish, by a preponderance of the credible evidence, that she is entitled to the required relief. State v. Nash, 212 N.J. 518, 541 (2013).

We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. State v. Preciose, 129 N.J. 451, 462 (1992). Following our review of defendant's arguments in light of the record and applicable legal principles, we are satisfied defendant's PCR petition was properly denied without an evidentiary hearing for the reasons outlined by Judge Schuck in his well-reasoned oral opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1617-18T4